UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSEPH PASQUARELLO,

                                                                     Case No.: 1:21-cv-08732

            **Plaintiff,**

    v.


CROTHALL HEALTHCARE, INC. and
MICHAEL ROCHE,

            **Defendants.**
------------------------------------------------------------x



**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL ARBITRATION**











JOSEPH & KIRSHENBAUM LLP
D. Maimon Kirschenbaum
Leah Seliger
32 Broadway
New York, NY 10004
(212) 688-5640
maimon@jk-llp.com

I.    INTRODUCTION

For purposes of this motion, Plaintiff does not deny having signed the Arbitration Agreement, or that the Agreement covers the claims in this lawsuit. But Defendants plainly waived the right to compel arbitration by litigating this case through one month before the close of discovery. Defendants filed responsive pleadings, attended court-annexed mediation, and engaged in extensive reciprocal discovery before filing their motion to compel arbitration. In the Supreme Court's recent decision in *Morgan v Sundance, Inc.,* ___US___ , 2022 U.S. LEXIS 2514, (May 23, 2022), the Supreme Court clarified that engaging in litigation that is inconsistent with the assertion of the right to compel arbitration can constitute a waiver such rights, even if the party opposing arbitration does not show prejudice from the delay in moving to compel. Under *Morgan,* Defendants' conduct prior to moving to compel clearly constitutes a waiver of their right to compel arbitration. In fact, as set forth below, Defendants' conduct constituted a waiver of their right to compel arbitration even under the prior standard applied by the Second Circuit, which required a showing of prejudice.

It is particularly disturbing that Defendants, represented by Littler Mendelson, P.C.—a sophisticated firm that claims to be "the largest law practice in the world exclusively devoted to representing management in employment, employee benefits and labor law matters"[1]—exhibited a total lack of candor or concern for the Court and/or Plaintiff's counsel's time in pursuit of this motion. Specifically, Plaintiff's counsel informed Defendants' counsel almost 2 months before this motion was made of Plaintiff's position that Defendants had waived their right to arbitration by actively litigating the case until then. Yet Defendants—close to 2 months and thousands of

---

[1] https://www.littler.com/history

1

discovery documents later—filed a boilerplate (possibly cut and pasted) motion to compel arbitration without even bothering discuss the waiver analysis. Further, after *Morgan* was decided, Plaintiff practically begged Defendants to drop the motion, which had no chance of success, only to be completely ignored.

Defendants' motion was frivolous when it was filed, as it does not deal with Plaintiff's waiver argument. It is more frivolous now—after *Morgan*--that they failed to withdraw it pursuant to Plaintiff's request and save the Court and counsel a waste of time. Defendants should have to pay Plaintiff's counsel fees for opposing the motion and the Court should enter any other sanctions it deems appropriate.

## II.  STATEMENT OF FACTS

Plaintiff filed this action against Defendants on October 15, 2021 against Defendants Crothall Healthcare, Inc. and Michael Roche (collectively, "Defendants"). Complaint (Dkt. No. 1).[2] Plaintiff's Complaint alleges that during his employment with Crothall Healthcare, he suffered age discrimination at the hands of Defendants, in violation of federal and state anti-discrimination laws.

Plaintiff initially, through counsel, notified Defendants of his intent to file a lawsuit against Defendants on July 20, 2021, when counsel sent Defendant Crothall a demand with a draft Complaint attached. Kirschenbaum Decl. ¶ 1. After receiving no response from Defendant Crothall, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 10, 2021. *Id.* ¶ 3. During September of 2021, Plaintiff's counsel engaged in unsuccessful settlement discussions with counsel for Defendants. *Id.* ¶ 4. After those discussions were unsuccessful and sixty days since the initial EEOC filing

---

[2] Plaintiff attaches to this brief the Declaration of D. Maimon Kirschenbaum dated June 3, 2022 ("Kirschenbaum Decl.")

had passed, Plaintiff filed this Lawsuit on October 15, 2021. *Id.* ¶ 5. *See Hodge v. New York College of Podiatric Med.,* 157 F.3d 164, 167-68 (2d Cir. 1998) *(*"Whereas Title VII plaintiffs must receive a 'right-to-sue letter from the EEOC before filing suit in court, ADEA plaintiffs need only wait 60 days after filing the EEOC charge.") (citations omitted).

On December 7, 2021, Littler Mendelson P.C. appeared as attorneys on behalf of Defendants. (Dkt. Nos. 9, 10). Defendants, after seeking an extension, filed their answer on January 7, 2022. (Dkt. No. 14). On February 3, 2022, after meeting and conferring, the Parties entered a joint proposed case management plan setting a June 8, 2022 discovery deadline. (Dkt. No. 17). On January 10, 2022, the Court Ordered the Parties to attend court-annexed mediation and to comply with the protocols regarding discovery exchange prior to the mediation. Kirschenbaum Decl. ¶ 6. During the month of February 2022, the Parties exchanged extensive discovery in advance of the mediation *Id.* ¶ 7. The mediation took place on March 9, 2022, lasted about half a day, and was unsuccessful. *Id.* ¶ 8.

On March 10, 2022, Defendants served over 70 document requests and 17 interrogatories. *Id.* ¶ 9. On March 15, 2022 Plaintiffs served similar discovery requests on Defendants. *Id.* ¶ 10.

On March 24, 2022, Defendants informed Plaintiff's counsel that Plaintiff signed an arbitration agreement at the beginning of his employment and produced a copy of the signed Arbitration Agreement attached to their motion. *Id.* ¶ 11. Plaintiff responded that given the active litigation that had taken place until then, Plaintiff's position is that Defendants waived their right to compel arbitration. *Id.* ¶ 12.

After this, the litigation continued in full force. Specifically, Plaintiff produced hundreds of documents and responded to Defendants' discovery requests on April 11, 2022. *Id.* ¶ 13.

3

Defendants produced their documents (an extensive production consisting of thousands of documents) and discovery responses on May 7, 2022. *Id.* ¶ 14. Plaintiff immediately began reviewing the extensive data to prepare for depositions before the discovery deadline of June 8, 2022. *Id.* ¶ 15.

Defendants, after stringing this litigation this far along, filed a motion to compel arbitration on May 16, 2022, less than a month before the June 8 discovery deadline. (Dkt. No. 20). Plaintiff noticed Defendants' depositions for dates before the June 8, 2022 Court Ordered discovery deadline. Kirschenbaum Decl. ¶ 16..

On May 23, 2022, Plaintiff informed Defendants of Supreme Court's decision in *Morgan* and asked Defendants to withdraw their motion to compel, which had no chance of success. *Id.* ¶ 17. On May 24, 2022, Plaintiff reiterated this request by email. *Id.* ¶ 18. On June 2, 2022, Plaintiff again asked Defendants to withdraw the motion, and Defendants simply did not respond. *Id.* ¶ 19.

On May 24, 2022 Defendants informed Plaintiff that they could not produce their witnesses before the discovery deadline. Kirschenbaum Decl. ¶ 20. Accordingly, the Parties wrote the Court and the deadline was adjourned to July 26, 2022. (Dkt. No. 24).

### III.   ARGUMENT

Plaintiff, for purposes of this motion, does not dispute that his claims could have been arbitrable under the Arbitration Agreement and the FAA. *See* 9 U.S.C. §§ 2-4. However, as set forth below, Defendants litigated this case extensively and have therefore waived their right to compel arbitration. This would have been true even under the Second Circuit's pre-*Morgan* standard which would have required to establish that Plaintiff show prejudice to establish a waiver of Defendants' right to arbitrate. But under *Morgan,* Plaintiff need not show prejudice.

Defendants waived their right to arbitration by actively litigating this case, mediating and engaging reciprocal discovery before moving to compel arbitration.

### A. Legal Standard

Courts in this Circuit and elsewhere have long held that a party can waive its right to enforce an arbitration agreement by engaging in litigation before moving to compel arbitration. *See, e.g.*, *In re S & R Co. OF KINGSTON v LATONA TRUCKING, INC.*, 159 F3d 80, 83 (2d Cir 1998) ("A party is deemed to have waived its right to arbitration if it engages in protracted litigation that results in prejudice to the opposing party." (quotation omitted)); *PPG Indus. v Webster Auto Parts*, 128 F3d 103, 107 (2d Cir 1997) ("[A] party waives its right to arbitration when it engages in protracted litigation that prejudices the opposing party." (quotations omitted)).

Prior to the Supreme Court's decision in *Morgan,* the Second Circuit, followed by several other circuits, held that in light of a perceived FAA policy favoring arbitration, a party seeking to assert a waiver of an arbitration agreement must demonstrate that they were prejudiced by the other party's delay in seeking to compel arbitration. *Morgan v Sundance, Inc.,* 2022 U.S. LEXIS 2514, at *10 (citing Second Circuit precedent as the genesis for the prejudice rule and noting that "[o]ver the years … [c]ircuit after circuit (with just a couple of holdouts) justified adopting a prejudice requirement based on the liberal national policy favoring arbitration" (quotation omitted)); *see, e.g.*, *Thyssen, Inc. v Calypso Shipping Corp., S.A.,* 310 F3d 102, 105 (2d Cir. 2002) ("The key to a waiver analysis is prejudice.").

In *Morgan,* the Supreme Court observed that the requirement of showing prejudice before finding waiver of the right to arbitration did not apply to any contractual rights "[o]utside the arbitration context." *Morgan*, 2022 U.S. LEXIS 2514, at *9. The Court held that the FAA's

5

"policy favoring arbitration does not authorize federal courts to invent special, arbitration-preferring procedural rules." *Id.* at *10. Accordingly, the Supreme Court rejected the prejudice standard along with the notion that the FAA's policy favoring arbitration required a party arguing waiver to show that it suffered prejudice as a result of the delay. *Morgan*, 2022 U.S. LEXIS 2514, at *10-11 ("The federal policy is about treating arbitration contracts like all others, not about fostering arbitration."). Applying regular federal rules of waiver, *Morgan* held that "the usual federal rule of waiver does not include a prejudice requirement. So Section 6 [of the FAA] instructs that prejudice is not a condition of finding that a party, by litigating too long, waived its right to stay litigation or compel arbitration under the FAA." 2022 U.S. LEXIS 2514, at *13. Rather, the appropriate question to determine waiver is did the adverse party "knowingly relinquish the right to arbitrate by acting inconsistently with that right?" *Id.*

    **B.    Defendants Waived their right to Compel Arbitration**

Here, Defendants plainly waived their right to arbitrate by acting inconsistently with such right and moving to compel roughly five months after Plaintiff's Complaint was filed on October 25, 2021, and 8 months after they were aware of Plaintiff's intent to file a Complaint. Specifically, before moving to compel arbitration, Defendants:

- Answered Plaintiff's Complaint on January 7, 2022.
- Engaged in comprehensive discovery (both to Plaintiff and by Plaintiff) pursuant to the Court's mediation protocols during January and February, 2022.
- Attended a court-annexed mediation on March 9, 2022.
- Served 78 document requests and 17 interrogatories on Plaintiff on March 20, 2022.
- Allowed Plaintiff to produce hundreds of responsive documents on April 11, 2022.
- Themselves produced to Plaintiff thousands of documents on May 12, 2022.

This conduct and the delay of time have been found to sufficient constitute a waiver of arbitration rights even under the previous applicable standard-a requirement that the party

seeking waiver show prejudice. *Galvstar Holdings, LLC v Harvard Steel Sales, LLC,* 2018 US Dist LEXIS 212951, at *8 (SDNY Dec. 18, 2018) ("the Second Circuit has held time and time again that delays to seek arbitration of even a couple of months can cause prejudice so long as the parties actively litigate arbitrable issues in the meantime. ") (citing *PPG Indus., Inc.,* 128 F.3d at 108) (other citations omitted); See also *In re S & R Co. OF KINGSTON v LATONA TRUCKING, INC.,* 159 F3d at 83 , (finding waiver and considering, *inter alia*, moving party's "extensive discovery," participating in settlement conferences and imposing "undue delay and expense"); *Tech. in Partnership v Rudin*, 538 F App'x 39-40 (affirming district court's finding of waiver considering, *inter alia*, "the prejudice to [the plaintiff] in moving to the arbitration forum while awaiting reciprocal discovery from the [defendants]."

But under the recent *Morgan* decision, the analysis is much simpler.  It does not matter whether Defendants' conduct caused prejudice to Plaintiff. What matters is that they (repeatedly) acted inconsistently with their arbitration rights by a filing a responsive pleading, using the Court's mediation facility, and engaging in extensive discovery and other litigation until May 15, 2022, less than a month before the discovery deadline then in place.[3]  *Morgan*, 2022 U.S. LEXIS 2514, at *12 (instructing lower court to apply regular contract-waiver law, because "prejudice is not a condition of finding that a party, *by litigating too long*, waived its right to stay litigation or compel arbitration under the FAA." (emphasis added)).   Because Defendants engaged in repeated conduct that was inconsistent with their arbitration rights, they have plainly waived their right to compel arbitration. *See ESPN, Inc. v Off. of the Commr. of Baseball*, 76 F Supp 2d 383, 389 (S.D.N.Y 1999) ("[A] party may, by words or conduct, waive a provision in a contract or eliminate a condition in a contract which was inserted for [its] benefit." (quotation marks

---

[3] The Parties since agreed to move the deadline to July 22, 2022 because *Defendants* could not produce their witnesses before the deadline in place.

7

omitted)); *See Travelers Cas. & Sur. Co. v. Dormitory Auth.,* 735 F. Supp. 2d 42, 66 (S.D.N.Y. 2010) ("Waiver of a contractual right may be established by affirmative conduct or by failure to act so as to evince an intent not to claim a purported advantage." (quotation omitted)).

### C. Defendants Should be Required to Pay Plaintiff's Legal Fees for Opposing their Frivolous Motion

Plaintiff seeks an order, under the Court's inherent power pursuant to 28 U.S.C. § 1927, to require Defendants' counsel, Littler Mendelson, to pay the attorneys' fees expended in defending this motion. In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999).  Bad faith may be inferred "if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Id.* at 336.

Defendants' counsel, a leading national employer-side law firm, exhibited tremendous *chutzpah* in filing a motion to compel arbitration *without even addressing* the law and facts relating to Defendants' possible waiver of their arbitration rights.  *See generally* Defs' Mem. This was not an oversight.  Plaintiff's counsel stated in an email on March 24, 2022—nearly two months before Defendants moved to compel arbitration—that Plaintiff's position was that the arbitration provision had been waived. Even after being placed on notice of Plaintiff's position, Defendants continued to litigate the matter in this Court and allow Plaintiff to engage in significant reciprocal discovery until May 16, when they filed their motion.  Thereafter, on May 23, 2022, Plaintiff's counsel informed Defendants about the *Morgan* decision and asked them to withdraw the motion in light of that decision.   Defendants did not withdraw the motion, despite

8

having set forth absolutely no argument against what they always knew to be Plaintiff's position- that they waived their right to force arbitration.

For a sophisticated law firm to (a) push a baseless motion, (b) completely ignore the relevant legal discussion of waiver, and (c) refuse to withdraw the motion in light of a controlling Supreme Court decision, indicates total disregard for the Court's and Plaintiff's counsel's time and an intent to harass Plaintiff with senseless motion practice. *Cf. Pacheo v. Chickpea at 14th St. Inc.*, No. 18-cv-251, 2019 U.S. Dist. LEXIS 130630, at *4 (S.D.N.Y. Aug. 5, 2019) (directing a defendant to show cause why sanctions should not be imposed to reimburse plaintiff's fees where defendant, *inter alia*, "ignore[ed] controlling precedent, even after it had been raised by Plaintiff"). It is not the undersigned's general practice to seek such relief, but Defendants' counsel behavior here is beyond the pale.  Accordingly, Plaintiff asks simply that Defendants' counsel be required to pay for Counsel's wasted time opposing their motion.

## IV.   CONCLUSION

Defendants plainly waived their right to compel arbitration, and their motion should be denied.  In addition, Defendants' counsel deserves to be sanctioned for failing to address a crucial argument relevant to their motion and failing to withdraw after the Supreme Court law further required the rejection of their motion.

Dated:  New York, New York  
       June 3, 2022

JOSEPH & KIRSHENBAUM LLP  
*/s/ D. Maimon Kirschenbaum*  
D. Maimon Kirschenbaum

Leah Seliger  
32 Broadway  
New York, NY 10004  
(212) 688-5640  
maimon@jk-llp.com