UNITED STATES U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- X
JOSEPH PASQUARELLO,                                 :
                                                    :       Case No. 21-cv-08732 (JMF)
                     Plaintiff,                     :
                                                    :
           -against-                                :
                                                    :
CROTHALL HEALTHCARE, INC. and                       :
MICHAEL ROCHE,                                      :
                                                    :
                     Defendants.                    :
                                                    :
-------------------------------------------------- X

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO
COMPEL ARBITRATION AND DISMISS ACTION**

---

Littler Mendelson P.C.
900 Third Avenue – 8th Floor
New York, NY 10022
212.583.9600

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ............................................................................................................................... 2

I.   THE MORGAN DECISION DOES NOT PRECLUDE DEFENDANTS'
     MOTION.......................................................................................................................... 4

II.  DEFENDANTS' MOTION TO COMPEL ARBITRATION WAS TIMELY ................. 4

III. THE AMOUNT OF LITIGATION-TO-DATE DOES NOT SUPPORT WAIVER ........ 6

IV.  PLAINTIFF'S REQUEST FOR SANCTIONS IS MERITLESS ..................................... 9

V.   CONCLUSION.............................................................................................................. 10

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Chen-Oster v. Goldman, Sachs & Co.*,
   449 F. Supp. 3d 216 (S.D.N.Y. 2020)........................................................................5

*DeFrancesco v. Mirador Real Est.*,
   No. 18CV4032VSBKHP, 2019 WL 5722120 (S.D.N.Y. July 15, 2019)................................9

*Enmon v. Prospect Cap. Corp.*,
   675 F.3d 138 (2d Cir. 2012)......................................................................................9

*Green Tree Financial Corp.-Alabama v. Randolph*,
   531 U.S. 79 (2000)..................................................................................................2

*Harrington v. Atlantic Sounding Co., Inc.*,
   602 F.3d 113 (2d Cir. 2010)......................................................................................2

*Hines v. Overstock.com, Inc.*,
   380 F. App'x 22 (2d Cir. 2010)..................................................................................2

*Johnson v. Ensite USA, Inc.*,
   No. 21-CV-04437 (PMH), 2022 WL 463381 (S.D.N.Y. Feb. 15, 2022) ................................7

*Katsoris v. WME IMG, LLC*,
   237 F. Supp. 3d 92 (S.D.N.Y. 2017)........................................................................3, 5

*La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
   626 F.3d 156 (2d Cir. 2010)....................................................................................3, 7

*Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*,
   67 F.3d 20 (2d Cir. 1995)..........................................................................................7

*LifeTree Trading Pte., Ltd. v. Washakie Renewable Energy, LLC*,
   764 F. App'x 105 (2d Cir. 2019) ............................................................................4, 6

*Marmet Health Care Center, Inc. v. Brown*,
   565 U.S. 530, 132 S.Ct. 1201, 182 L.Ed.2d 42 (2012)............................................3

*McCants v. Electric*,
   " No. 19CV9565AJNRWL, 2021 WL 653122, at *5 (S.D.N.Y. Feb. 19, 2021.....................8

*Meyer v. Uber Technologies, Inc.*,
   868 F.3d 66 (2d Cir. 2017)........................................................................................2

# TABLE OF AUTHORITIES

(CONTINUED)

PAGE(S)

*Morgan v. Sundance, Inc.*,
    142 S. Ct. 1708 (2022) ...................................................................................1, 2, 3, 4

*Nicosia v. Amazon.com, Inc.*,
    834 F.3d 220 (2d Cir. 2016) .......................................................................................2

*Pacheco v. Chickpea at 14th St. Inc.*,
    2019 WL 3554460, at *1 (S.D.N.Y. Aug. 5, 2019) .............................................9, 10

*Pierre v. Rochdale Vill. Inc.*,
    No. 18CV6383MKBST, 2020 WL 6799635 (E.D.N.Y. Nov. 19, 2020) ....................4

*PPG Indus., Inc. v. Webster Auto Parts, Inc.*,
    128 F.3d 103 (2d Cir. 1997) ...............................................................................3, 6, 7

*Satcom Int'l Grp. PLC v. Orbcomm Int'l Partners, L.P.*,
    49 F.Supp.2d 331 (S.D.N.Y. 1999), aff'd, 205 F.3d 1324 (2d Cir. 1999) ...............6

*Schlaifer Nance & Co. v. Est. of Warhol*,
    *194 F.3d 323 (2d Cir. 1999)* .....................................................................................9

*Thyssen, Inc. v. Calypso Shipping Corp., S.A.*,
    310 F.3d 102 (2d Cir. 2002) .................................................................................3, 4

*Tokio Marine & Fire Ins. Co. v. M/V SAFFRON TRADER*,
    257 F. Supp. 2d 651 (S.D.N.Y. 2003) ......................................................................3

*Trustees of Loc. 531 Pension Fund v. Al Turi Landfill, Inc.*,
    No. 08-CV-01272, 2010 WL 11627389 (E.D.N.Y. Sept. 20, 2010) ........................7

*Wilson v. Subway Sandwiches Shops, Inc.*,
    *823 F. Supp. 194* (S.D.N.Y. 1993) ..........................................................................9

**Statutes**

Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ..................................................1, 3, 4, 7

**Other Authorities**

Second Amended Administrative Order, M10-468 ........................................................6

## PRELIMINARY STATEMENT

The standards for compelling arbitration under the Federal Arbitration Act ("FAA"), as outlined in Defendants' Motion to Compel Arbitration ("Defendants' Motion"), are well-established and need not be discussed here. It is undisputed that Defendants and Plaintiff entered into a binding arbitration agreement ("Arbitration Agreement"). Plaintiff does not challenge the binding nature of the Arbitration Agreement. Rather, Plaintiff's opposition to Defendants' Motion is based on Plaintiff's claim that the minimal discovery conducted in the six weeks following the parties' unsuccessful mediation waives the Arbitration Agreement. This is contrary to the law, and an insufficient basis to deny Defendants' Motion. Waiver of an arbitration agreement requires that the motion to compel was untimely filed and that significant litigation occurs before filing the motion. Defendants' Motion was filed at the earliest practical time, fact discovery is ongoing and no dispositive motions have been filed. There is simply no basis to conclude that Defendants' waived the Arbitration Agreement.

Plaintiff's opposition relies almost exclusively on the recent United States Supreme Court decision of *Morgan v. Sundance, Inc*., 142 S. Ct. 1708, 1712–13 (2022). *Morgan* clarified that a party does not have to show prejudice to prove an arbitration agreement has been waived. It strikes no other standard or basis for a motion to compel, and does not negate the validity of Defendants' Motion. Defendants were under no obligation to withdraw their motion based on *Morgan*'s decision as Plaintiff asserts. Yet Plaintiff makes a baseless request for sanctions because *he refused* to agree to arbitration, and *he* wrote in opposition to Defendants' Motion. Defendants are not responsible for Plaintiff's litigation decisions. Plaintiff's request for sanctions simply because Plaintiff's counsel did not desire to respond to Defendants' Motion is a waste of the Court's time. In its totality, Plaintiff's opposition to Defendants' Motion fails to do anything besides recount the discovery calendar, overstate the substantive litigation to date and understate the clear legal

justification for granting Defendants' Motion. It is short on substance and law, and fails to justify denying Defendants' Motion based on the binding Arbitration Agreement. For these reasons, Defendants' Motion should be granted in its entirety and Plaintiff's request for sanctions should be denied.

## **ARGUMENT**

Defendants have met their burden of showing that a binding arbitration agreement between the parties exists. It is well-established that courts deciding motions to compel must apply a standard similar to that applicable for a motion for summary judgment. *Meyer v. Uber Technologies, Inc.*, 868 F.3d 66, 74 (2d Cir. 2017) (quoting *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016)). Defendants' only burden when moving to compel was to "make a prima facie initial showing that an agreement to arbitrate existed before the burden shifts to the party opposing arbitration to put the making of that agreement in 'issue.'" *Hines v. Overstock.com, Inc.*, 380 F. App'x 22, 24 (2d Cir. 2010). Defendants had no duty to "show initially that the agreement would be *enforceable*, merely that one existed." *Id*. It is the party seeking to avoid arbitration who "generally bears the burden of showing the agreement to be inapplicable or invalid." *Harrington v. Atlantic Sounding Co., Inc.*, 602 F.3d 113, 124 (2d Cir. 2010) (citing *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91-92 (2000).

But here, Plaintiff centers his opposition and baseless request for sanctions on the fact that Defendants' Motion did not discuss whether the Arbitration Agreement may have been waived, which is argue *his* burden. (Opp. Br. 8-9.) Plaintiff also argues that the Arbitration Agreement is waived because of the minimal discovery that has occurred, which he does not spend even a full paragraph explaining. (Opp. Br. 6.) Defendants' Motion was timely and was filed at a juncture when the parties have not engaged in substantial discovery. It is plainly obvious that the Arbitration Agreement has not been waived. While *Morgan* states that showing prejudice is not a prong of

FAA analysis, it does not state – as Plaintiff seems to believe – that absent prejudice, an arbitration agreement is presumably waived if *any* discovery has occurred before moving to compel arbitration. (Opp. Br. 4-5.)

Waiver of the right to seek arbitration is considered against the well-established backdrop of the "emphatic federal policy in favor of arbitral dispute resolution." *Marmet Health Care Center, Inc. v. Brown*, 565 U.S. 530, 533, 132 S.Ct. 1201, 182 L.Ed.2d 42 (2012) (internal citations omitted). The Second Circuit has repeatedly emphasized that "waiver of the right to arbitration is not to be lightly inferred." *Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102, 104-105 (2d Cir. 2002) (internal citations omitted); *see also PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 107 (2d Cir. 1997) (same). Any doubts about whether there has been a waiver are resolved *in favor* of arbitration. *Katsoris v. WME IMG, LLC*, 237 F. Supp. 3d 92, 100-01 (S.D.N.Y. 2017) (internal citations omitted). A waiver determination is highly fact specific and it is not based on any particular bright line rule. *Tokio Marine & Fire Ins. Co. v. M/V SAFFRON TRADER*, 257 F. Supp. 2d 651, 654–55 (S.D.N.Y. 2003).

The Second Circuit has applied a three-factor test for determining whether there has been a waiver: (1) the time elapsed from when litigation commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice. *La. Stadium & Exposition Dist. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 626 F.3d 156, 159 (2d Cir. 2010). *Morgan* subsequently clarified that prejudice is not determinative factor in waiver analysis, but it left the remainder of the Second Circuit's test is unaffected. 142 S. Ct. at 1712–13. Thus, Plaintiff must still prove the first two factors of the Second Circuit's test support a finding of waiver. He has not met this burden. Plaintiff ignores that Defendants' Motion was

filed well within the parameters of what has been considered timely, and unsuccessfully exaggerates the discovery here to date. Defendants' Motion should be granted.

## I.      The *Morgan* Decision Does Not Preclude Defendants' Motion

The *Morgan* decision, on which Plaintiff relies, only addresses whether showing prejudice is a mandatory component of determining arbitration has been waived under the FAA.

> We decide today a single issue . . . [whether] they may create arbitration-specific variants of federal procedural rules . . . based on the FAA's 'policy favoring arbitration.' They cannot. For that reason, the Eighth Circuit was wrong to condition a waiver of the right to arbitrate on a showing of prejudice.

*Morgan*, 142 S. Ct. at 1712–13. This determination does not preclude Defendants' Motion. Showing prejudice has never been the sole consideration in determining the enforceability of an arbitration agreement in the Second Circuit. To determine "whether a party has waived its right to arbitration, [courts] consider '(1) the time elapsed from when litigation was commenced until the request for arbitration; (2) the amount of litigation to date, including motion practice and discovery; and (3) proof of prejudice.'" *LifeTree Trading Pte., Ltd. v. Washakie Renewable Energy, LLC*, 764 F. App'x 105, 107 (2d Cir. 2019). These factors must be applied to the specific context of each case. *Pierre v. Rochdale Vill. Inc.,* No. 18CV6383MKBST, 2020 WL 6799635, at *6 (E.D.N.Y. Nov. 19, 2020) (internal citations omitted). The Court's duty is the same as it has always been, to render an opinion that considers the totality of the circumstances. Under that standard, Defendants' Motion should be granted even without a showing of prejudice.

## II.     Defendants' Motion to Compel Arbitration Was Timely

To determine whether a party has waived its right to arbitration courts consider the time elapsed from when the litigation commenced until the requestion for arbitration. *LifeTree Trading Pte., Ltd.* 764 F. App'x at 107. But absent evidence of excessive cost, the presumption for arbitration cannot be overcome merely based on the length of the delay. *Thyssen, Inc.*, 310 F.3d at

105.  Defendants' Motion was timely because it was filed at the earliest practical time *and* Plaintiff

had notice of the Arbitration Agreement. *See Chen-Oster v. Goldman, Sachs & Co.,* 449 F. Supp.

3d 216, 233, 235-36 (S.D.N.Y. 2020), *objections overruled,* No. 10CIV6950ATRWL, 2021 WL

4199912 (S.D.N.Y. Sept. 15, 2021) (finding that defendant had moved to compel arbitration at the

earliest practical time and that the plaintiff had extensive notice of defendant's intention to compel

arbitration because the defendant had supplied the plaintiff with samples of its arbitration

agreement shortly after the lawsuit was filed.)

Here, Defendants provided Plaintiff's counsel with the Arbitration Agreement as part of

the Court-ordered mediation protocols (Sharpe Decl. ¶ 3; Dkt No. 15) and with the Court-ordered

initial disclosures. (Sharpe Decl. ¶ 4.) Plaintiff himself produced the Arbitration Agreement with

documents he produced to Defendants, demonstrating that it was in his possession. (Sharpe Decl.

¶ 11) Plaintiff cannot credibly claim that he did not have notice of the Arbitration Agreement, nor

can he argue that Defendants did not move to compel arbitration at the earliest practical time.

Defendants' Motion was filed only *six weeks* after Defendants contacted Plaintiff to determine

whether he would agree to arbitration. (Opp. Br. 3; Dkt No. 20.) Moving to compel at this point is

well within precedent. "In determining whether Plaintiffs waived their right to arbitrate, however,

it is not clear that Plaintiffs' delay in seeking arbitration should be measured from their filing of

the motion to compel, rather than their prior requests arbitrate in their complaint, in letters and e-

mails to [Defendant]." *Katsoris v. WME IMG, LLC*, 237 F. Supp. 3d 92, 102 (S.D.N.Y. 2017).

Given the parties' attempt to resolve this matter through Court-ordered mediation, a

purported delay of a few months between when the Complaint was filed and Defendants' Motion

is not a basis for waiver. *Id.* at 102-103 (finding a five-month delay in moving to compel arbitration

reasonable because the parties attempted to resolve their dispute through their designees and then

through mediation before submitting the dispute to arbitration). As Plaintiff acknowledges, the parties first engaged in unsuccessful settlement discussions, and then Court-ordered mediation on March 9, 2022. (Opp. Br. 2-3.) Defendants participated in the mediation good faith, understanding that it is specifically designed to decrease costs and promote efficient resolutions. Only minimal discovery was required for the mediation. *See* Second Amended Administrative Order, M10-468. By participating in good faith, Defendants had to comply with the Court's discovery schedule until a resolution had been reached. Following the failure of the mediation, Defendants requested that Plaintiff agree to arbitration, which Plaintiff refused despite having months of notice**.** (Sharpe Decl. ¶ 10) Defendants did not delay. Plaintiff's refusal to adhere to the Arbitration Agreement, which he does not dispute, required Defendant to prepare Defendants' Motion while the discovery calendar remained in effect. Any documents produced after Defendants' request were because Plaintiff refused arbitration at a juncture where he had not even produced medical record authorizations. (Sharpe Decl. ¶ 6.) Finally, even if Defendants had not participated in the Court-ordered mediation, a purported delay of a few months is not sufficient, standing alone, to infer waiver of arbitration. *See, e.g.*, *PPG Indus.*, 128 F.3d at 108 (holding that a "five-month delay, by itself" between "the time defendants asserted arbitrable claims and [the plaintiff] filed its motion to compel" is "not enough to infer waiver of arbitration"); *Satcom Int'l Grp. PLC v. Orbcomm Int'l Partners, L.P.*, 49 F. Supp. 2d 331, 339 (S.D.N.Y. 1999) (finding that a period of "approximately four months" between "the filing of this action and the filing of plaintiff's demand for arbitration" was "not, by itself, long enough to infer waiver"), *aff'd*, 205 F.3d 1324 (2d Cir. 1999)*.*

## III.   The Amount of Litigation-to-Date Does Not Support Waiver

Plaintiff has failed to show that the parties have engaged in enough litigation, including discovery and motion practice, to support a waiver of the Arbitration Agreement. *See LifeTree Trading Pte., Ltd*. 764 F. App'x at 107. The parties have not engaged in *any* motion practice, have

taken no depositions and have disclosed no documents that would not be available through arbitration. *See Johnson v. Ensite USA, Inc*., No. 21-CV-04437 (PMH), 2022 WL 463381, at *5 (S.D.N.Y. Feb. 15, 2022) (citing *Trustees of Loc. 531 Pension Fund v. Al Turi Landfill, Inc*., No. 08-CV-01272, 2010 WL 11627389, at *4 (E.D.N.Y. Sept. 20, 2010); *see also* AAA – Employment Arbitration Rules and Mediation Procedures, Rule 9. ("The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.") Plaintiff's contention that the parties have engaged in substantial litigation is patently false and shares no similarities with the level of litigation required to constitute waiver. *See, e.g.*, *PPG Indus.*, 128 F.3d at 108-09 (plaintiff waived its right to arbitrate by "filing substantive motions" in a related action for approximately five months before moving to compel arbitration, which "evidenced a preference for litigation that supports a finding of waiver"); *Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 26 (2d Cir. 1995) (finding waiver where a party engaged in an "energetic pursuit of discovery," and waited until "the eleventh hour, with trial imminent" to seek enforcement of an arbitration agreement); *La. Stadium & Expo. Dist*, 626 F.3d at 159-160 (finding waiver where plaintiff waited eleven months to move to compel arbitration while defendants filed procedural motions and "began work on a motion for judgment on the pleadings").

The record reveals that *neither* party energetically pursued this litigation, and that most of Plaintiff's legal work here occurred after or around when Defendants' Motion was filed. (Dkt. No. 20.) On February 4, 2022, the Court ordered Plaintiff to provide Defendants with critical medical record authorizations by February 22, 2022. (Dkt No. 18.) Plaintiffs did not produce the authorizations until April 25, 2022. (Sharpe Decl. ¶ 6.) Defendants did not receive Plaintiff's

medical records until May 11, 2022 – less than a month before fact discovery was ordered to close. (Sharpe Decl. ¶ 4, 7.) Plaintiff did not provide Defendants with any notice of deposition until May 17, 2022, when he requested that four individuals be deposed between June 6 and June 7, 2022. (Sharpe Decl. ¶ 9.) Given the lack of discussion surrounding the availability of these individuals and because Defendants would not receive the remainder of Plaintiff's document production until weeks later, Plaintiff's request was unserious. (Sharpe Decl. ¶ 9, 11.)

On May 24, 2022, after Defendants' Motion was filed, Plaintiff served Defendant with an updated version of the Court-ordered *initial* disclosures. (Sharpe Decl. ¶ 10.) A week later, (i.e., two weeks after Defendants' Motion was filed), Plaintiff served Defendants with hundreds of pages of documents – vastly outnumbering his previous production. (Sharpe Decl. ¶ 11.) Defendants' request for an extension of the discovery calendar was because it was plainly obvious that the parties could not finish discovery before the deadline if the case continued – which it should not. Despite failing to produce several hundred responsive documents by that time, Plaintiff still refused to agree to a joint extension of the discovery calendar unless Defendants' Motion was withdrawn. (Sharpe Decl. ¶ 10.) Nothing in the record suggests that Plaintiff vigorously pursued this litigation or that they will suffer any loss if Defendants' Motion is granted. Nor does the record show that Defendants vigorously pursued this matter through litigation. As in *McCants v. Electric,* "not much has happened in the litigation" because "the parties were only engaged in document discovery, and over two months remained in the fact discovery schedule as a result of the extensions sought and obtained." No. 19CV9565AJNRWL, 2021 WL 653122, at *5 (S.D.N.Y. Feb. 19, 2021). Further, "depositions remained to be taken, and there [has] been no expert discovery. Moreover, no motions have been made, let alone decided, of any significance – no discovery motions, no dispositive motions." *Id.* Defendants simply abided by the Court's Order

and performed their minimal duty while seeking to resolve the matter through mediation and now through arbitration as the Arbitration Agreement requires. For that reason, Defendants' Motion should be granted.

## IV.   Plaintiff's Request for Sanctions is Meritless

Sanctions are seldom given in motion to compel arbitration cases. *See e.g., DeFrancesco v. Mirador Real Est.*, No. 18CV4032VSBKHP, 2019 WL 5722120, at *6 (S.D.N.Y. July 15, 2019), *report and recommendation adopted,* No. 18-CV-4032 (VSB), 2022 WL 203147 (S.D.N.Y. Jan. 24, 2022) (stating that it is an extraordinary remedy to be used with extreme caution) (internal citations omitted); *Wilson v. Subway Sandwiches Shops, Inc., 823 F. Supp. 194, 200* (S.D.N.Y. 1993) (declining to impose sanctions because "it was patently clear. . . [the motion] had 'absolutely no chance of success'"). To impose sanctions under its inherent power, a district court must find that: (1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith — motivated by improper purposes such as harassment or delay. *Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 143–44 (2d Cir. 2012) (internal citations omitted). A claim is without color when it lacks *any* legal or factual basis. Bad faith may be inferred "only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Schlaifer Nance & Co. v. Est. of Warhol,* 194 F.3d 323, 336 (2d Cir. 1999).

Under this standard, Plaintiff's request for sanctions is frivolous. Defendants had no duty to withdraw their motion simply because Plaintiff's counsel "begged" them to do so. (Opp. Br. 2.) The case law and factual evidence supporting Defendants' Motion, as demonstrated above and in Defendants' opening brief, is well beyond the threshold of "*some* legal and factual support." *Enmon*, 675 F.3d at 143–44. Plaintiff boldly misrepresents a case decided by *this* Court in support his frivolous request. (Opp. Br. 10.) In *Pacheco v. Chickpea at 14th St. Inc.*, which did not involve a motion to compel arbitration, the Court ordered Defendants to show cause why they should not

be sanctioned after they continued to relitigate arguments that Magistrate Judge Gorenstein had found frivolous and ignored controlling precedent in their reply papers. No. 18-CV-251 (JMF), 2019 WL 3554460, at *1 (S.D.N.Y. Aug. 5, 2019). Here, Defendants have followed to *all* prevailing precedents and have not sought to relitigate decided arguments. Plaintiff's request for sanctions should be denied.

## V.    CONCLUSION

For the reasons and arguments set forth and detailed above, Defendants request that the Court grant Defendants' Motion to Compel Arbitration in its entirety and that Plaintiff's request for sanctions is denied.

Date:   June 22, 2022                           **LITTLER MENDELSON, P.C**.
        New York, New York

By:    _/s/ Zack G. Sharpe_____
Shawn Matthew Clark
Zack G. Sharpe, IV
900 Third Avenue
New York, New York 10022.3298
212.583.9600

*Attorneys for Defendants*

10